IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | Cv. No. 06-2160-JPM-cgc |
| vs. | Cr. No. 03-20369-1-JPM |
| RICARDO ALKEALOHA GANT, | |
| Defendant. | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER DENYING A CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On March 14, 2006, Defendant Ricardo Alkealoha Gant, Bureau of Prisons inmate registration number 19226-076, filed a pro se motion pursuant to 28 U.S.C. § 2255 that asserted that his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, by (i) failing fully to advise him concerning the decision to plead guilty and to ensure that the guilty plea was intelligent and voluntary; (ii) failing to object to certain sentence enhancements that were neither found by a jury beyond a reasonable doubt nor admitted in the Plea Agreement; and (iii) failing to object to the use of erroneous information used to sentence him on Count 49. (ECF No. 1.) The Court issued an order on April 14, 2006, directing the Government to respond to the motion. (ECF No. 2.) On June 5, 2006, the Government filed its Response to

Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (ECF No. 8), accompanied by a motion for leave to supplement the response when the transcript of the change of change of plea hearing was received (ECF No. 9). On June 6, 2006, the Court granted the Government leave to supplement its response. (ECF No. 11.) The Government filed its Supplemental Response on June 12, 2006. (ECF No. 12.) Gant filed a Reply on June 26, 2006. (ECF No. 13.)

On October 27, 2006, Gant filed a motion seeking leave to amend to assert an additional issue, that his attorney rendered ineffective assistance by failing to file a notice of appeal despite being requested to do so. (ECF No. 15.) The Court issued an order on July 16, 2007 granting leave to amend and directing the Government to respond to the motion, as amended. (ECF No. 16.) The Government filed its Response to Petitioner's Amendment to Section 2255 Motion on August 8, 2007. (ECF No. 17.)

On March 5, 2009, the Court issued an order stating that an evidentiary hearing was necessary on Defendant's claim that his attorney failed to file a notice of appeal. The Court referred the matter to the Magistrate Judge for appointment of counsel. (ECF No. 19.) On May 14, 2009, the Order of Reference was broadened to authorize the Magistrate Judge to conduct a limited evidentiary hearing and to issue a report and recommendation. (ECF No. 23.) Counsel was appointed to represent Defendant on May 19, 2009. (ECF No. 24.) On August 10, 2009, Gant, through counsel, filed a Notice

that he "does not intend to assert any of the other claims in the motion to vacate at the hearing." (ECF No. 28.)

On July 11, 2011, United States Magistrate Judge Charmiane G. Claxton conducted an evidentiary hearing on the matter, at which Defendant and his trial counsel, Lorna McClusky, testified. (ECF No. 33.) The minute entry for the hearing states that "Petitioner has reduced his claim to ineffective assistance of counsel due to failure to file a Notice of Appeal." (Id.) On October 12, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Gant's motion to vacate be denied. (ECF No. 36.) Neither party has filed objections to the R&R, and the time for objecting has expired.

Upon de novo review of the R&R, the Court ADOPTS the findings of fact in their entirety. (See ECF No. 36 at 1-3.)

In Rodriquez v. United States, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969), the Supreme Court held that the failure of defense counsel to file a notice of appeal despite being instructed to do so by his client constitutes per se ineffective assistance of counsel, without regard to the legal merit of any issues that might be raised on direct appeal. See also Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so

3

because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.") (citations omitted); Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998) ("[T]he failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment."). Nonetheless, the Sixth Circuit has "emphasize[d] . . . that a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." Ludwig, 162 F.3d at 459; see also Regalado v. United States, 334 F.3d 520, 525-26 & n.3 (6th Cir. 2003) (a client's "express[ion of] her desire to file an appeal" is not equivalent to a specific instruction to her attorney to file an appeal).

In this case, the R&R credited the testimony of trial counsel that Gant had told her he did not intend to appeal his sentence. (ECF No. 36 at 2-3.) This conclusion is consistent with Gant's statement on the record at the sentencing hearing. (Tr. 245, United States v. Gant, No. 03-20369-JMP (W.D. Tenn.), ECF No. 145.)

4

Notably, Gant did not testify that he instructed his attorney to file a notice of appeal. Instead, his position is that, prior to the sentencing hearing, he "informed Counsel that he wanted to appeal his sentence if he was sentenced to consecutive terms of incarceration" and, after sentence was imposed, he "assumed Counsel would appeal the sentence." (ECF No. 36 at 2.) Gant's conduct is similar to that of the client in Regalado, whose expression of her desire to file an appeal was held not to rise to the level of a specific request. Because Gant did not ask his attorney to file a notice of appeal, his attorney did not render ineffective assistance by failing to perfect an appeal.[1]

---

[1] In Flores-Ortega, the Supreme Court stated that,

> [i]n those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term "consult" to convey a specific meaning — advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985 (2000) (record citation omitted). The Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S. Ct. at 1036. In this case, Defendant stated on the record at the sentencing hearing that he was not interested in
(continued...)

5

Therefore, the Court ADOPTS the Report and Recommendation. Gant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED. Judgment shall be entered for the United States.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4, 77 L.

---

¹ (...continued)
appealing and, therefore, counsel was not ineffective in failing further to consult with him about an appeal after the hearing had concluded.

Ed. 2d 1090 (1983)); Henley v. Bell, 308 F. App'x 989 (6th Cir. 2009) (same), cert. denied, ___ U.S. ___, 129 S. Ct. 1057, 173 L. Ed. 2d 482 (2009). A COA does not require a showing that the appeal will succeed. Miller, 537 U.S. at 337; 123 S. Ct. at 1039; Caldwell v. Lewis, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. Bradley v. Birkett, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting Miller, 537 U.S. at 337, 123 S. Ct. at 1039).

In this case, there can be no question that the issues raised in this § 2255 motion are without merit for the reasons previously stated. Because any appeal by Defendant on the issues raised in this motion does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an

appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED.[2]

IT IS SO ORDERED this 1st day of November 2011.

          s/ JON PHIPPS McCALLA
          JON PHIPPS McCALLA
          CHIEF U.S. DISTRICT JUDGE

---

[2] If Defendant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.